UNITED STATES of America,
Appellee,

v.

Walter Ernest COLE, Jr., Appellant.

No. 8789.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1963.

Decided March 8, 1963.

John Haworth, High Point, N. C., for appellant.

William Medford, U. S. Atty. (Robert J. Robinson, Asst. U. S. Atty., on brief), for appellee.

Before SOPER, BOREMAN, and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

The District Court, sitting without jury, on the basis of stipulations and the evidence contained in the defendant Cole's file, found him guilty of violation of 50 U.S.C. Appendix, § 462—wilful refusal to be inducted into the Armed Forces—and sentenced him to two years imprisonment.

■ We examine the evidence before the District Court to determine whether that Court was clearly in error in finding that there was a basis in fact for the classification given to the registrant by his local Board. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

When the registrant received his Selective Service questionnaire, he promptly filed with his local Board a claim of exemption from both combatant and noncombatant training and service in the Armed Services. The Board classified him 1-A, which qualified him for combatant as well as non-combatant service. In his appeal from this decision, he appeared before the Board clearly and un-

equivocally seeking a 1–O classification which would relieve him of all military service, both combatant and non-combatant. Nothing would be gained by a detailed recitation of his efforts before local, state and national authorities to obtain the classification he sought. Suffice it to say that when the applicant insisted that his conscience forbade even limited military service, higher authorities recommended that he not be prosecuted and that instead his case be reopened. Nevertheless, the local Board refused to reopen his case and this prosecution ensued.

The twenty-six year old applicant is the son of a minister of the Church of Christ. He joined this church seven years before he received his Selective Service questionnaire. All witnesses confirmed his religious convictions, his good moral character, and a life history consistent with his contentions. There is not one scintilla of evidence in his background history which casts any doubt upon the sincerity of his belief, and no such doubt was raised either by the Board or the Court.

The sole basis upon which the Board's classification must stand is the answer given by him to one question in his appearance before the local Board as follows:

"Board: Did I understand you correctly to say that you wouldn't object to going if you did not have to carry arms?

"Registrant: No, I wouldn't object."

In the first place there is nothing in the record to indicate that any previous answer the applicant had given would justify the question, if we give it the meaning now contended for by the Board; on the contrary the applicant had just stated to the Board that he could not in good conscience serve even in the Army Hospital Corps. He now states that he understood the question to mean: would he be willing to go anywhere to perform the two years of civilian labor which the law offers as an alternate to those who conscientiously object even to non-combatant service. In order to justify the Board's action, one would have, first, to reject the registrant's explanation of his understanding of the question. It would then be necessary to take the registrant's answer to this one question entirely out of the context of the hearing and in addition to disassociate it entirely from all of the surrounding facts of the case and to reject all of the uncontested evidence of the registrant's conduct both prior and subsequent to the hearing.

There is no basis in the record from which we may conclude that either the Board or the Court rejected all of the other evidence in the case or that they questioned the applicant's sincerity. Standing alone this question and answer under the circumstances of this case do not constitute a basis in fact for the classification. The decision of the Court was, therefore, clearly in error.

Reversed.